IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CONVEY IT, INC., | : | |
| Plaintiff, | : | Case No. 3:10-cv-457 |
| vs. | : | JUDGE WALTER HERBERT RICE |
| DANIEL CHATFIELD, *et al.*, | : | MAGISTRATE JUDGE MERZ |
| Defendants | : | |

DECISION AND ENTRY OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT & RECOMMENDATIONS (DOC. #46) AND SUPPLEMENTAL REPORT & RECOMMENDATIONS (DOC. #58); ADOPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATIONS (DOC. #45) AND SUPPLEMENTAL REPORT & RECOMMENDATIONS (DOC. #54); SUSTAINING DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (DOC. #32); DISMISSING COUNT II OF SECOND AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(c), Defendants have moved to dismiss Count II of Plaintiff's Second Amended Complaint, which seeks relief under 42 U.S.C. § 1983 for an alleged violation of the Contract Clause of the United States Constitution. Doc. #32. Plaintiff alleges that a resolution, passed by the Clark County Board of Health ("the Board"), declaring Plaintiff's Springfield Salt Terminal ("SST") to be a public nuisance and ordering Plaintiff to abate the nuisance conditions, interfered with and substantially impaired Plaintiff's contractual relationships with its customers.

Plaintiff maintains that, in passing that resolution, the Board changed state law, "effectively repealing" Ohio Revised Code § 6111.04(A). That statue prohibits pollution "of any waters of the state" and declares the prohibited conduct to be a public nuisance. The statute, however, also provides that companies like Plaintiff, who hold a valid permit, are exempt from being declared a public nuisance.

On April 2, 2012, Magistrate Judge Merz issued a Report and Recommendations, Doc. #45, recommending that the Court dismiss the Contract Clause claim. He noted that the Contract Clause applies only to legislative acts of government, and concluded that the Board's resolution declaring the SST a public nuisance was an administrative rather than a legislative act. The resolution did not purport to adopt a policy generally applicable to all; rather, it declared that this one particular salt terminal was a public health nuisance. Magistrate Judge Merz also rejected Plaintiff's contention that the Board's resolution effectively repealed Ohio Revised Code § 6111.04(A), noting that even if the resolution may have violated state law by transcending the Board's administrative authority in declaring the SST to be a public nuisance, Plaintiff has a statutory right to appeal that action to the Common Pleas Court, and has, in fact, already done so.

Magistrate Judge Merz further found that Plaintiff's reliance on *Weber v. Board of Health, Butler County*, 148 Ohio St. 389 (1947), was misplaced. In that case, a local board of health passed a resolution prohibiting the transportation of garbage into the county for the purpose of feeding hogs or other animals. The court concluded that although the board of health had authority to promulgate rules and regulations, the board transcended that administrative authority and exercised

2

a legislative function in completely prohibiting a business that was not itself unlawful. *Id.* at 400. The Magistrate Judge found that *Weber* was factually and legally distinguishable. In contrast to *Weber*, Defendants in this case did not purport to regulate an entire industry; instead, they found that one specific salt terminal was a public health nuisance. Moreover, *Weber* did not involve a Contract Clause claim; rather, the question was whether the board's resolution violated the Ohio Constitution.

Plaintiff filed objections to the Report and Recommendations, arguing that the Magistrate Judge: (1) misconstrued the specific and binding legislative policy set forth in § 6111.04(A); (2) violated the *Erie* doctrine[1] and the Rule 12(c) pleading standard by incorrectly construing *Weber*; (3) violated the Rule 12(c) pleading standard by failing to construe all reasonable inferences in Plaintiff's favor, and by finding, as a matter of fact, that Plaintiff took "out of context" the Ohio EPA's statement that a "legislative fix" was necessary to take action against the SST; and (4) violated binding Sixth Circuit precedent and misconstrued Ohio law by concluding that dismissal of the Contract Clause claim does not leave Plaintiff without a remedy and that "resolving the public policy conflict between the need to store readily accessible de-icing salt for winter emergencies and preventing salt from polluting the waters of Ohio is a matter for the Ohio courts or for the General Assembly." Doc. #46.

Defendants filed responses to the objections, Doc. #49, and, on June 14,

---

[1] *See Erie R.R. Co. Tompkins*, 304 U.S. 64, 78 (1938) (holding that, in diversity cases, federal courts must apply the substantive law of the state to state law claims).

3

2012, Magistrate Judge Merz held oral arguments. On June 26, 2012, he issued a Supplemental Report and Recommendations, Doc. #54, addressing each of Plaintiff's objections to the previous Report and Recommendations, and again recommending that the Court sustain Defendants' motion and dismiss the Contract Clause claim.

Plaintiff then filed objections to the Supplemental Report and Recommendations, Doc. #58, and requested a second oral hearing. According to Plaintiff, the Magistrate Judge: (1) erred by concluding that Defendants' resolution did not change Ohio's binding legislative policy regarding permitted facilities; (2) continued to violate the *Erie* doctrine and the Rule 12(c) standard by misconstruing the Ohio Supreme Court's holding in *Weber*; (3) continued to err in failing to construe all reasonable inferences in Plaintiff's favor, and in concluding that the issue of whether Defendants acted legislatively or administratively is a pure question of law; and (4) erred in concluding that Defendants' disregard of Ohio Revised Code § 6111.04(A) does not create a cause of action under the Contract Clause. Plaintiff continues to argue that since the Board had no *administrative* authority to declare the SST a public nuisance, it must have acted *legislatively*. Defendants then filed responses to Plaintiff's objections. Doc. #60.

As an initial matter, the Court denies Plaintiff's request for a second oral hearing because another hearing is not essential to a fair resolution of the case.

*See* S.D. Ohio Civ. R. 7.1(b)(2). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a thorough *de novo* review of the file and the applicable law and finds Plaintiff's objections to be without merit.[2]

In reliance on *Carter v. Greenhow*, 114 U.S. 317 (1885), Defendants argue that a suit for an alleged violation of the Contract Clause cannot be brought under 42 U.S.C. § 1983. The Supreme Court, however, has construed *Carter* quite narrowly, *see Dennis v. Higgins*, 498 U.S. 439, 451 n.9 (1991), and there appears to be a split of authority on whether such a claim is viable. *Compare Crosby v. City of Gastonia*, 635 F.3d 634, 640 (4th Cir. 2011) (holding that, with limited exceptions, § 1983 provides no recourse for the deprivation of rights secured by the Contract Clause) with *Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 887 (9th Cir. 2003) (holding that § 1983 provides relief for a party deprived of rights under the Contract Clause).

The Sixth Circuit does not appear to have addressed this precise issue. In *Wojcik v. City of Romulus*, 257 F.3d 600 (6th Cir. 2001), however, the Court did adjudicate a § 1983 Contract Clause claim on the merits. Assuming then, that such a claim is viable under § 1983, the ultimate question is whether the Magistrate Judge correctly determined that the Board's resolution, declaring the

---

[2] The Court rejects Defendants' argument that, because Plaintiff has simply repeated arguments previously raised, the highly deferential "clear error" standard of review applies instead. Plaintiff has raised specific objections to portions of the Magistrate Judge's Reports and Recommendations.

SST to be a public nuisance, was legislative or administrative in nature.[3]

As Magistrate Judge Merz noted, a plaintiff asserting a violation of the Contract Clause must prove that a "change in state law has created a substantial impairment of a contractual relationship." *Wojcik*, 257 F.3d at 612. The Contract Clause applies only to exercises of legislative power, not to administrative or executive acts. *Ross v. Oregon*, 227 U.S. 150, 162 (1913). Magistrate Judge Merz properly concluded that the Board's resolution was administrative in nature.

Even though jurisdiction in this case is based on diversity of citizenship as well as on a federal question, the Court is not bound by the Ohio Supreme Court's holding in *Weber*. Under the *Erie* doctrine, federal courts must apply the substantive law of the states to claims that have their source in state law. *See* 19 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4520 (2d ed. 1996). Here, because the source of the right at issue is the Contract Clause of the United States Constitution, federal law governs. *See Howell v. Anne Arundel Cnty.*, 14 F. Supp. 2d 752, 756 (D. Md. 1998) (holding that although state law "informs the analysis of the question of whether a contract exists," federal law governs the question of whether there has been an "impairment" of that contract under the Contract Clause).

---

[3] Defendants deny that the Board's resolution violated Ohio Revised Code § 6111.04(A). According to Defendants, the term "waters of the state," as used in that statute, includes surface water but not ground water. Defendants maintain that the SST was polluting the ground water, and therefore argue that Plaintiff's permit did not exempt it from being declared a public nuisance. For purposes of Plaintiff's Contract Clause claim, the Court need not resolve this issue, which is better left to the state courts.

Moreover, even if state law did control, Magistrate Judge Merz correctly determined that *Weber* is factually and legally distinguishable. The board of health in that case promulgated a regulation that was generally applicable to all hog farmers in the county, rendering the regulation legislative in nature. In contrast, Defendants' resolution in this case applied only to the SST. In addition, because *Weber* did not involve a Contract Clause claim, the court's conclusion, that the board transcended its administrative authority and exercised a legislative function, does not speak to the legal issue in this case, *i.e.*, whether the board's resolution constituted a "change in state law" for purposes of the Contract Clause.

As the Third Circuit recently noted in *Mabey Bridge & Shore, Inc. v. Schoch*, 666 F.3d 862 (3d Cir. 2012), "[t]here is no simple formula for determining whether a government act is an exercise of legislative authority." However, "an act bears the hallmarks of legislative authority when it 'changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.'" *Id.* at 874 (quoting *Ross v. Oregon*, 227 U.S. at 163)). "In contrast, an act is likely *not* legislative when 'its purpose was not to prescribe a new law for the future . . .'" *Id.* (emphasis in original).

In *Wojcik*, the Sixth Circuit explained that "determining whether a resolution is a legislative act depends on its content." 257 F.3d at 612. The relevant question is whether it contains "matter which is properly to be regarded as legislative in its character and effect." *Id.* (quoting *INS v. Chadha*, 462 U.S. 919 (1983)). "The essentials of the legislative function are the determination of the

7

legislative policy and its formulation and promulgation as a defined and binding rule of conduct." *Id.* (quoting *Yakus v. United States*, 321 U.S. 414, 424 (1944)).

In this case, regardless of whether the Board had the authority to declare the SST to be a public nuisance, the Board's resolution to that effect cannot be deemed legislative in nature. The resolution was not generally applicable; it applied only to the SST. In addition, it did not purport to prescribe a new rule of conduct. In short, neither the character nor the effect of the resolution is legislative in nature. Therefore, as a matter of law, the Board's resolution did not effect a "change in state law." The Magistrate Judge properly recommended dismissal of the Contract Clause claim on this basis.[4]

As Magistrate Judge Merz noted, to the extent that Plaintiff believes that the Board had no authority to declare the SST to be a public nuisance, Plaintiff has a statutory right to appeal to the Common Pleas Court, and has, in fact, already done so.


Based on the reasoning and citations of authority set forth in Magistrate Judge Merz's Report and Recommendations (Doc. #45), and Supplemental Report and Recommendations (Doc. #54), as well as upon a thorough *de novo* review of this

---

[4] Plaintiff maintains that, in recommending dismissal of this claim, the Magistrate Judge erred in failing to construe all reasonable inferences in Plaintiff's favor, particularly the inference that arises from the Ohio EPA official's statement that a "legislative fix" was needed to solve the problem. Regardless of how this inference is construed, the question of whether the resolution was legislative or administrative in nature is purely a question of law for the Court, most definitely *not* for an official of the Ohio EPA.

Court's file and the applicable law, the Court ADOPTS those judicial filings in their entirety, OVERRULES Plaintiffs' objections thereto (Docs. ##46, 58), SUSTAINS Defendants' motion for partial judgment on the pleadings (Doc. #32), and DISMISSES Count II of the Second Amended Complaint.

Date: September 17, 2012

                                  WALTER HERBERT RICE
                                  UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

9